UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re: DUANE EDWARD COHEN,

                 Debtor-Appellant,

                                              **MEMORANDUM**
                                              **AND ORDER**
               v.                      24-CV-7962-SJB

SN SERVICING CORPORATION AS SERVICER
FOR U.S. BANK TRUST ASSOCIATION, AS
TRUSTEE OF THE SCIG SERIES III TRUST,

                 Creditor-Appellee.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

       Duane Edward Cohen appeals a Bankruptcy Court order that retroactively

annulled the automatic stay resulting from Cohen's filing of a second bankruptcy

petition, which was initiated for the sole purpose of frustrating a foreclosure sale.  For

the reasons that follow, the decision of the Bankruptcy Court is affirmed.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       This case originates from a foreclosure of Cohen's property located in Mount

Sinai, New York (the "Property").  (Br. of Debtor-Appellant dated Feb. 12, 2025

("Appellant Br."), Dkt. No. 7 at 3; Br. of Appellee-Creditor dated Mar. 17, 2025

("Appellee Br."), Dkt. No. 9 at 1).  On July 14, 2020, U.S. Bank Trust Association, as

Trustee of the SCIG Series III Trust ("U.S. Bank"), commenced a foreclosure action on

the Property; a judgment of foreclosure and sale was entered in its favor on May 12,

2023.  (Judgment of Foreclosure and Sale dated May 9, 2023 ("JFS"), attached as Ex. B to

Creditor Mot. for Order Confirming Absence of Automatic Stay, Case No. 8:24-73464,

Bankr. E.D.N.Y., Dkt. No. 12-3 at 1).  On August 7, 2023, Cohen filed his first Chapter 13 bankruptcy case (the "2023 Case").  (Appellant Br. at 3; Ch. 13 Voluntary Pet. dated Aug. 1, 2023, Case No. 8:23-72870, Bankr. E.D.N.Y., Dkt. No. 1).  This filing of the 2023 Case triggered an automatic stay that prevented U.S. Bank from proceeding with the foreclosure sale.  (Appellee Br. at 1); 11 U.S.C. § 362(a).  On June 24, 2024, and following a motion filed by U.S. Bank, United States Bankruptcy Judge Robert E. Grossman lifted the automatic stay.  (Order dated June 24, 2024, Case No. 8:23-72870, Bankr. E.D.N.Y., Dkt. No. 30).

Acting on that order—which Cohen did not challenge or appeal—U.S. Bank scheduled a foreclosure sale for September 11, 2024.  (Appellee Br. at 2; *see* Tr. dated Oct. 30, 2024 ("Oct. 2024 Tr."), attached as Ex. A to Appellant Br., Dkt. No. 7-1 at 7:24–8:4).  Cohen then filed a second Chapter 13 bankruptcy case on September 9, 2024 (the "2024 Case"), in an effort to delay the sale by triggering another automatic stay.  (Ch. 13 Voluntary Pet. dated Sept. 9, 2024, Case No. 8:24-73464, Bankr. E.D.N.Y., Dkt. No. 1; Appellant Br. at 3–4).  Cohen's 2023 Case was still open when he filed the 2024 Case. (*See* Oct. 2024 Tr. at 6:7–10, 8:20–25).  U.S. Bank proceeded with the foreclosure sale on September 11, 2024, and shortly thereafter filed a motion in the 2024 Case to confirm that no Section 362(a) automatic stay took effect upon Cohen's filing of that action or, alternatively, to retroactively annul any such stay.  (Appellee Br. at 2; Mot. to Confirm Absence of Automatic Stay dated Sept. 24, 2024 ("2024 Stay Mot."), Case No. 8:24-73464, Bankr. E.D.N.Y., Dkt. No. 12-1).

The Bankruptcy Court heard oral argument and granted U.S. Bank's motion, holding that Cohen's 2024 Case did not trigger an automatic stay barring the foreclosure sale.  (Oct. 2024 Tr. at 11:24–12:8; Order Confirming Absence of Automatic Stay dated Nov. 5, 2024 ("Nov. 2024 Order"), Case No. 8:24-73464, Bankr. E.D.N.Y., Dkt. No. 25).  The Court found that Cohen's initiation of the 2024 Case was "clearly . . . unsupported by the law," explaining that "there's nothing in the statutes that permit[ted]" Cohen's second case while the first one was pending.  (Oct. 2024 Tr. at 9:1–2, 11:25–12:7).  Following the hearing, the Bankruptcy Court issued an Order that provided: "[the] automatic stay imposed under 11 U.S.C. § 362(a) did not take effect upon the filing of the Debtor's current bankruptcy petition on September 9, 2024 . . . as it relates to Movant's interests in the real property known as 55 Plymouth Avenue, Mount Sinai, NY 11766."  (Nov. 2024 Order).  In the same Order, the Court dismissed the 2024 Case.  (*Id.*).

Cohen's appeal of the Nov. 2024 Order timely followed.  (Not. of Appeal from Bankruptcy Court dated Nov. 14, 2024, Dkt. No. 1); Fed. R. Bankr. P. 8002(a)(1).

DISCUSSION

"Bankruptcy court decisions are subject to appellate review in the first instance by the district court, pursuant to the statutory scheme articulated in 28 U.S.C. § 158."  *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).  "Because this scheme requires district courts to operate as appellate courts," district courts apply the same standard of review as the circuit courts.  *Id.*  That is, a bankruptcy court's legal conclusions are reviewed *de novo* and its factual findings are reviewed for clear error.  *Id.*; *In re Nordlicht*, 115 F.4th

90, 104 (2d Cir. 2024). Discretionary rulings, however, are reviewed for abuse of discretion.[1] *Nordlicht*, 115 F.4th at 104. "A bankruptcy court abuses its discretion when its decision 'rests on an error of law . . . or a clearly erroneous factual finding,' or 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003)) (alterations omitted).

Here, Cohen's appeal seeks review of an Order that "confirm[ed] [the] absence of the automatic stay," and dismissed the 2024 Case. (Nov. 2024 Order). The Order does not cite any authority or provision of the Bankruptcy Code, other than the general automatic stay provision. (*See id.*). The effect of the Order was to retroactively annul the automatic stay created by the filing of the 2024 Case, and thereby bless the foreclosure sale, which would otherwise be invalid.

Although the Second Circuit has not articulated the standard for a district court's review of a bankruptcy court's decision to retroactively annul a stay, the Circuit itself reviews such decisions for an abuse of discretion. *Aquatic*, 352 F.3d at 678–79. Consistent with the principle that district courts here sit as appellate courts, *supra* at 3, other courts have reviewed decisions to annul stays retroactively against that same standard. *See In re Newton*, No. 16-BR-11304, 2020 WL 2731995, at *10 (S.D.N.Y. May 26,

---

[1] "In reviewing a decision of a bankruptcy court, the district court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 598 B.R. 102, 111 (S.D.N.Y. 2019) (quotations and citation omitted), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 818 F. App'x 48 (2d Cir. 2020); *see also Collins v. J&N Rest. Assocs., Inc.*, 676 F. App'x 18, 19 (2d Cir. 2017) ("We review the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error, but may affirm on any ground supported by the record.").

2020); *In re Jean-Francois*, 516 B.R. 699, 703 (E.D.N.Y. Sep. 29, 2014) (collecting cases). This Court therefore reviews the Order for an abuse of discretion.

The Bankruptcy Court's Order—"confirming [the] absence of the automatic stay" upon the initiation of the 2024 Case and dismissing it—does not use the word "annulment." (Nov. 2024 Order). But that was its effect. The Order removed, after the fact, the only obstacle to the foreclosure sale's validity—that it took place during the automatic stay. *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) ("[A]n order "annulling" a stay . . . reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio*."); *see also Koutsagelos v. PII SAM, LLC*, No. 12-CV-1703, 2013 WL 2898120, at *3 (E.D.N.Y. June 13, 2013) ("An 'annulment' of the automatic stay grants retroactive relief, thereby validating past proceedings or actions that would otherwise be deemed void."). (Indeed, the Bankruptcy Court granted U.S. Bank's motion, which sought in the alternative "retroactive relief from the automatic stay[.]" (2024 Stay Mot. at 1)).

Section 362(d) of the Bankruptcy Code provides a mechanism to annul the automatic stay triggered by the filing of a bankruptcy petition. 11 U.S.C. § 362(d). And "section 362(d)(4) addresses conduct that could be indicative of an abusive bankruptcy filing in relation to a real property foreclosure." 3 Collier on Bankruptcy ¶ 362.05(19)(a) (16th ed. 2025). It provides that a court may annul a stay if "the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting . . . real property." 11 U.S.C. § 362(d)(4); *see also In re Newton*, No. 16-BR-11304, 2020 WL 2731995, at *7 (S.D.N.Y. May

26, 2020).  "[T]he apparent purpose of this provision . . . is to provide a remedy for addressing the abusive practices of certain 'mortgage consultants' and 'foreclosure specialists' involving serial bankruptcy filings to delay home foreclosures and whose intent is to defraud creditors."  3 Collier on Bankruptcy ¶ 362.05(19)(a).  "[T]he filing of multiple bankruptcy cases by the debtor or others holding an interest in the property for the purpose of delaying a foreclosure could be part of the requisite scheme."  *Id.*  While relief under Section 362(d)(4)(B) often entails more than two bankruptcy filings— which is all there were here—"[t]he number of filings is only one factor that the court must weigh in determining whether relief under § 362(d)(4) is warranted.  The timing and sequencing of the filings is also significant."  *In re Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014) (quotations and citation omitted).

Though the Bankruptcy Court did not cite § 362(d)(4)(B) in its Order, it set forth sufficient factual findings to satisfy the standards under that provision.[2]  The Bankruptcy Court noted that Cohen filed the 2024 Case with knowledge that the 2023 Case remained open, (Oct. 2024 Tr. at 5:13–14); by doing so, violated the Order lifting the automatic stay in the 2023 Case, (*id.* at 6:4–6); and filed a second bankruptcy case

---

[2] "Under the rules governing proceedings in the bankruptcy courts, Rule 52(a) of the Federal Rules of Civil Procedure applies to the resolution of a dispute over a request for relief from the automatic stay."  *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).  "Rule 52(a) provides, in pertinent part, that '[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law[.]'"  *Id.*  The Bankruptcy Court's failure to cite to any provision of Section 362, other than subsection (a) (*see* Nov. 2024 Order), does not preclude this Court from affirming the decision: there need only be "enough solid facts from the record" to permit appellate review.  *Eng. v. Town of Huntington*, 448 F.2d 319, 321 (2d Cir. 1971); *see also Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990).

without any legal basis, (*id*. at 8:12–19).  The timing of the 2024 Case—brought two days prior to the sale—was intended to prevent the foreclosure.  (*Id*. at 6:9–10 ("He filed that case to stop a foreclosure sale[.]"), 10:6–7.  Cohen took these steps despite having ample options in the 2023 Case to delay the sale.  (*Id*. at 6:10–12, 8:1–2, 8:20–25).[3]

   "The existence of multiple cases may indicate an exploitation of the bankruptcy process and an attempt at reimposing the automatic stay after it had been previously lifted."  *In re Turner*, 207 B.R. 373, 379 (B.A.P. 2d Cir. 1997) (collecting cases); *see also In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code.").  In addition, "the timing of [D]ebtor's filing[s] evidences an intent to delay or frustrate the legitimate efforts of [Creditors] to enforce their rights."  *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997).[4]  Concluding,

---

[3] Indeed, Cohen himself now concedes that he filed the 2024 Case to "forestall the [foreclosure] sale, and while the first Chapter 13 [action] was still pending[.]" (Appellant Br. at 3).

[4] Though the Bankruptcy Court indicated it was not going to delve into whether Cohen's actions were taken "in . . . good faith or not" and it was "not going to get into [Cohen's] mindset," (Oct. 2024 Tr. at 12:1–3), the record suggests bad faith conduct.  But in any event, bad faith is not required to retroactively annul an automatic stay pursuant to § 362(d)(4).  *See In re Blair*, No. 09-76150, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009) ("[T]his Court [has] joined those courts which hold that the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors."); *In re Kearns*, 616 B.R. 458, 467 (Bankr. W.D.N.Y. 2020):

It is well-settled that a debtor need not admit to having engaged in a scheme to hinder or delay creditors—the Court can draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, and the timing of those filings.  Courts have consistently recognized that repeated bankruptcy filings made on the eve of successive foreclosure

under all of these circumstances, that no stay was in place following the initiation of the 2024 Case was, therefore, not an abuse of discretion.[5] *See, e.g.*, *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014):

> Here, Lyceum's chapter 11 filing, timed to stop P.B.'s foreclosure sale, was followed by the Debtor's chapter 13 filing, shortly after the stay was lifted in Lyceum's case.  Both the Debtor's and Lyceum's filings were on the eve of significant events in the foreclosure action.  Lyceum filed its case on the eve of a foreclosure sale and the Debtor's case was filed on the eve of the return date of P.B.'s motion in state court to file a notice of foreclosure sale. The timing of both filings permits an inference that the Debtor is attempting to hinder or delay P.B.'s efforts to enforce the Foreclosure Judgment.

Despite citing to *Turner*, Cohen nonetheless contends that the Bankruptcy Court erred in finding that the 2024 Case did not trigger an automatic stay.  (Appellant Br. at 9–10, 13–14).  This position has no merit.  Cohen does not dispute any of the Bankruptcy Court's factual findings—about the timing of the second case; the procedural posture under which it was brought; or the illicit purpose to avoid the foreclosure sale and the prior Order lifting the stay in the 2023 Case.  (*See generally id.*).  All he offers is a baseless legal argument.  First, he cites to generic authority about foreclosure sales being void if filed in violation of an automatic stay.  (*Id.* at 6–9).  None of these cases involved a

---

attempts constitute strong evidence of an intent to delay and hinder secured creditors from collection.

(quotations and citation omitted) (collecting cases).

[5] Though some courts evaluate the seven factors articulated in *In re Stockwell*, 262 B.R. 276 (Bankr. D. Vt. 2001) to determine, as a general matter, whether retroactive relief from an automatic stay is warranted, *see In re Crichlow*, 666 B.R. 441, 451 (Bankr. E.D.N.Y. 2024), the record here is insufficient to enable such review.  Regardless, however, those factors need not all be satisfied to achieve relief under the more specific Section 362(d)(4).

second petition filed during the pendency of a related bankruptcy case, and none address a bankruptcy court's ability to nullify retroactively a stay in the face of a second petition (and a prior order lifting the stay).  Second, Cohen cites to Federal Rule of Bankruptcy Procedure 1014(b), which he says contemplates the existence of multiple or successive bankruptcy petitions.  (*Id.* at 10).  As a corollary, he cites to *In re Barnes*, which Cohen argues requires the automatic stay to take effect until the second petition is found to be in bad faith.  (*Id.* at 10 (citing 231 B.R. 482 (E.D.N.Y. 1999)).  Nothing about *Barnes* is relevant here: a second petition's automatic stay does have effect, until it is annulled retroactively.  That is precisely why U.S. Bank had to file a motion, following the foreclosure sale, to validate what would otherwise have been an unauthorized transaction.[6]

Finally, Cohen contends that when a creditor has knowledge of an automatic stay—because of the filing of a second petition—it must first go to court to lift the stay, and cannot seek retroactive annulment.  (Appellant Br. at 12–13).  Cohen is arguing, in essence, that a bankruptcy court's power to annul only exists if it finds the creditor violated the stay innocently or unknowingly.  No case stands for such a proposition;

---

[6] Cohen's reliance on *In re Fogarty*, 39 F.4th 62 (2d Cir. 2022) is misplaced.  In *Fogarty* there was no second petition and no motion to lift the stay.  *Id.* at 78 ("[I]f Bayview wanted to proceed with the Sale after Fogarty filed her bankruptcy petition, its proper course of action was to seek and obtain relief from the automatic stay pursuant to Section 362(d).").  That makes all the difference: had U.S. Bank proceeded with the sale without successfully moving to lift the automatic stay in the 2023 Case, the Bankruptcy Court could not have retroactively blessed the transaction through annulment, because the original stay would have remained in place.

and nothing in Section 362(d)(4)(B) turns on a creditor's knowledge.[7]  *See In re Aki Oya*, No. 19-1095, 2019 WL 5390007, at *4–*5 (B.A.P. 9th Cir. Oct. 18, 2019) ("This Panel has . . . affirmed bankruptcy court decisions retroactively annulling the automatic stay, even when the creditor had (or allegedly had) knowledge of the debtor's bankruptcy filing prior to acting.  The creditor's knowledge is just one factor to consider in weighing the equities of the case.").

Accordingly, the Court concludes that the Bankruptcy Court did not abuse its discretion in confirming the absence of—and effectively annulling—the automatic stay arising from the 2024 Case.  *E.g.*, *In re Estavan Cap. LLC*, No. 15-1084, 2015 WL 7758494, at *3–*4, *7 (B.A.P. 9th Cir. Dec. 1, 2015) (affirming annulment of stay under Section 362(d)(4)(B)); *Rodriguez v. Murphy*, No. 13-CV-23363, 2014 WL 1414424, at *3–*5 (S.D. Fla. Apr. 11, 2014) (affirming bankruptcy court's denial of motion to reconsider its

---

[7] Cohen cites to *Turner* and other cases where the creditor did not have knowledge of the stay.  (Appellant Br. at 13; Reply Br. of Debtor-Appellant dated Apr. 9, 2025 ("Reply Br."), Dkt. No. 11 at 4–6).  But citing to cases where a creditor lacked knowledge does not establish that it is a prerequisite for annulment relief.

Cohen also argues that *In re Soares* sets forth that requirement.  (Reply Br. at 2–3).  It does no such thing.  *Soares* only notes that innocent creditors may qualify for annulment—not the converse.  107 F.3d 969, 977 (1st Cir. 1997) ("When a creditor inadvertently violates the automatic stay in ignorance of a pending bankruptcy, courts sometimes have afforded retroactive relief.").  And the cases that follow *Soares* to which Cohen also cites—such as *Crichlow*, 666 B.R. at 450—only affirm the general principle that "a determination to annul the automatic stay is inherently tied to the facts and circumstances of the particular situation.  That is, '[e]ach case is sui generis and must be judged accordingly.'"  *Id.* (quoting *Soares*, 107 F.3d at 977) (alteration in original).  Under that standard, having conceded the facts and circumstances found by the Bankruptcy Court to justify annulment here, Cohen cannot demonstrate that the failure to consider the U.S. Bank's knowledge was legal error.

decision granting retroactive relief under Section 362(d)(4)(B) in light of multiple bankruptcy petitions affecting the same property).

<u>CONCLUSION</u>

For the reasons stated above, the Bankruptcy Court's November 5, 2024, Order is affirmed.  The Clerk of Court is directed to enter judgment consistent with this opinion and close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
Dated: August 11, 2025                                    SANKET J. BULSARA
      Central Islip, New York                   United States District Judge